## CIVIL COVER SHEET

JS-44 (Rev. 6/17 DC)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Minoo K. Rouhanian | United States of America<br>United States Department of Homeland Security |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11001<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT 11001<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Jacob M. Lebowitz, Esq.<br>Posey Lebowitz PLLC<br>3221 M Street NW<br>Washington, DC 20007 | |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ◉ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place an X in one category, A-N, that best represents your Cause of Action and one in a corresponding Nature of Suit)**

○ **A.** *Antitrust*

- ☐ 410 Antitrust

◉ **B.** *Personal Injury/ Malpractice*

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

- ☐ 151 Medicare Act

**Social Security**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

○ **E.** *General Civil (Other)* **OR** ○ **F.** *Pro Se General Civil*

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 27 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Conditions
- ☐ 560 Civil Detainee – Conditions of Confinement

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent – Abbreviated New Drug Application
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**Other Statutes**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions
- ☐ 470 Racketeer Influenced & Corrupt Organization
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/Privacy Act* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus – General<br>☐ 510 Motion/Vacate Sentence<br>☐ 463 Habeas Corpus – Alien Detainee | ☐ 442 Civil Rights – Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loan (excluding veterans) |
| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Labor Railway Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 440 Other Civil Rights<br>☐ 445 Americans w/Disabilities – Employment<br>☐ 446 Americans w/Disabilities – Other<br>☐ 448 Education | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights – Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi-district Litigation   ○ 7 Appeal to District Judge from Mag. Judge   ○ 8 Multi-district Litigation – Direct File

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Federal Tort Claims Act, 28 U.S.C. § 1346(b).2671-80. Federal employee negligently rear-ended Plaintiff's vehicle.

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ 951,585.42<br>JURY DEMAND: | Check YES only if demanded in complaint<br>YES ☐   NO ☒ |
|---|---|---|---|
| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | YES ☐   NO ☒ | If yes, please complete related case form |

DATE: __5/19/2020__   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
**Authority for Civil Cover Sheet**

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and services of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the cover sheet.

**I.**   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff if resident of Washington, DC, 88888 if plaintiff is resident of United States but not Washington, DC, and 99999 if plaintiff is outside the United States.

**III.**   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.**   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of the case.

**VI.**   CAUSE OF ACTION: Cite the U.S. Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**   RELATED CASE(S), IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MINOO ROUHANIAN** ) | |
| **312 3rd Street, NE** ) | |
| **Washington DC 200002,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No._____** |
| ) | |
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **SERVE:** ) | |
| **Timothy Shea** ) | |
| **Acting United States Attorney** ) | |
| **United States Attorney's** ) | |
| **Office For the District of** ) | |
| **Columbia 555 4th Street, NW** ) | |
| **Washington DC 20001** ) | |
| **and** ) | |
| ) | |
| **UNITED STATES DEPARTMENT OF** ) | |
| **HOMELAND SECURITY** ) | |
| ) | |
| **SERVE:** ) | |
| **Timothy Shea** ) | |
| **Acting United States Attorney** ) | |
| **United States Attorney's Office** ) | |
| **For the District of Columbia** ) | |
| **555 4th Street, NW** ) | |
| **Washington DC 20001** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |
| **COPIES BY CERTIFIED MAIL** ) | |
| ) | |
| **Civil-Process Clerk** ) | |
| **United States Attorney's Office** ) | |
| **For the District of Columbia** ) | |
| **555 4th Street, NW** ) | |
| **Washington DC 20001** ) | |
| ) | |
| **Hon. William Barr** ) | |
| **Attorney General of the U.S.** ) | |
| **U.S. Department of Justice** ) | |

**950 Pennsylvania Avenue, NW**                    )
**Washington, DC 20530-0001**                        )
                                                     )
**U.S. DEPARTMENT OF**                              )
**HOMELAND SECURITY**                               )
**2707 Martin Luther King Jr. Ave, SE**            )
**Mail Stop 0485**                                   )
**Washington, DC 20528-0485**                        )
_____                 )

## COMPLAINT

COMES NOW, Plaintiff Minoo Rouhanian ("Plaintiff"), by and through undersigned

counsel, and for her complaint against Defendants the United States of America and the United

States Department of Homeland Security ("DHS") states as follows:

## NATURE OF CASE

This is an action for damages arising out of personal injuries sustained by Plaintiff on

July 19, 2018, when Justin Affuko, an employee of the United States Department of Homeland

Security, rear-ended her while she was stopped in heavy traffic, while Mr. Affuko was acting

within the scope of his employment. As a direct and proximate result of Defendant's negligence,

Plaintiff has suffered serious and permanent physical injuries resulting in damages which include

past and future medical expenses, lost wages, and pain and suffering.

## PARTIES

1.       Plaintiff, Minoo Rouhanian, is currently an adult resident of the District of

Columbia, residing at the address set forth above.

2.       Defendant United States of America is sued for Plaintiff's injuries its employee's

negligent or wrongful acts and omissions caused. This employee was acting within the scope of

his employment under circumstances where the United States, if a private person, would be

liable to Plaintiff in accordance with the laws of the District of Columbia and/or Virginia –

namely by negligently operating a motor vehicle.

2

3.      Defendant, the Department of Homeland Security, is a cabinet department of the Executive Branch of the United States Government.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it is a case arising under the laws of the United States and the Constitution of the United States.

5.      This action arises under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), 2671-80.

6.      Venue in this action properly lies in the United States District Court for the District of Columbia pursuant to 32 CFR § 750.32(a), insofar as the Plaintiff resides in the District of Columbia, and Defendant DHS is headquartered in the District of Columbia.

7.      Plaintiff timely submitted a SF-95 claim with the United States Department of Homeland Security for damages sustained from the negligent conduct described herein. *See* claim attached hereto as **Exhibit A**. On August 8, 2019, the Office of Chief Counsel's Senior Claims Specialist, Margaret Ramos, of the Federal Emergency Management Agency ("FEMA") issued a denial letter in response to Plaintiff's SF-95 claim. *See* letter attached hereto as **Exhibit B.**

## FACTUAL ALLEGATIONS

8.      On July 19, 2018, at approximately 5:07 p.m., Minoo Rouhanian was driving on Leesburg Pike near Colvin Run, from her workplace in Reston, Virginia, to her brother's house in Potomac, Maryland.

9.      She was stopped in heavy traffic for several seconds near the intersection of Leesburg Pike and Colvin Run Road in Great Falls, Virginia.

10.     Without any warning, Justin Akuffo, who failed to take note of the conditions of the road, suddenly slammed the HERTZ rental car he was driving into the rear of Ms. Rouhanian's vehicle.

11.     The force of the impact caused Ms. Rouhanian to be thrown violently forward, and then quickly snapped backwards.

12.     Ms. Rouhanian experienced immediate intense pain at the top of her head, a severe headache, and nausea.

13.     The sole and proximate cause of the collision and Plaintiff's injuries was Defendant's negligent behavior in not paying attention to the conditions of the road, failing to come to a stop, and failing to control his speed based on the traffic ahead of him.

14.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered serious injuries.

15.     Plaintiff required medical treatment for her injuries and will require medical treatment in the future.

16.     Since the collision, Plaintiff can no longer lead the life she once enjoyed.

17.     As a result of her injuries, Plaintiff missed time from work and lost wages.

18.     Plaintiff was not herself negligent in contributing to the subject accident or damages.

19.     The collision was caused solely by Defendant's negligence and negligence per se.

## COUNT I – Negligence

20.     All preceding paragraphs are incorporated by reference as though fully set forth herein.

21.     At all relevant times herein, Justin Affuko was an employee of DHS, who was acting within the scope of his employment.

22.     Under the Federal Tort Claims Act, DHS is liable for any torts committed by persons acting on behalf of the United States.

23.     At all relevant times herein, Mr. Affuko owed Plaintiff a duty to exercise ordinary care while driving, including operating according to the rules of the road and paying attention while driving.

24.     Mr. Affuko, and therefore, DHS breached this duty by failing to pay attention while driving.

25.     Mr. Affuko directly and proximately caused the collision with Plaintiff by negligently breaching the aforesaid duty of care.

26.     As a direct and proximate result of Mr. Affuko's negligence, Plaintiff suffered damages, including but not limited to, serious bodily and emotional injuries.

27.     As a further direct and proximate result of Mr. Affuko's negligence, Plaintiff suffered and will continue to suffer physical pain and anguish.

28.     As a further direct and proximate result of Mr. Affuko's negligence, Plaintiff incurred and will continue to incur medical and other expenses.

29.     As a further direct and proximate result of Mr. Affuko's negligence, Plaintiff has incurred and will continue to incur lost wages.

30.     As a further direct and proximate result of Mr. Affuko's negligence, Plaintiff had and continues to have difficulty performing various activities.

31.     For such injuries proximately resulting from Mr. Affuko's foregoing negligent

conduct, Defendant DHS is liable to Plaintiff for compensatory damages in an amount not less

than $951,585.42, which amount shall be proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendants as follows: (1)

compensatory damages in an amount not less than $951,585.42, which amount shall be

proven at trial; (2) all costs associated with this action; (3) pre- and post-judgment

interest as permitted by law; and (4) such other and further relief as this Court deems

proper.

## COUNT II – Negligence *Per Se*

32.     All preceding paragraphs are incorporated by reference as though fully set forth

herein.

33.     The aforesaid collision was directly and proximately caused by the negligence per

se of Mr. Affuko.

34.     Mr. Affuko's conduct, as described herein, was in violation of the motor vehicle

laws of the Commonwealth of Virginia.

35.     Such violations include, but are not limited to: (a) following another vehicle more

closely than was reasonably prudent given the speed of Ms. Rouhanian's vehicle and conditions

of the highway at the time, in violation of VA Code § 46.2-816; (b) driving too fast for highway

and traffic conditions, in violation of VA Code § 46.2-861; (c) driving aggressively by following

too closely, in violation of VA Code § 46.2-868.1; and (d) driving recklessly in a manner so as to

endanger life, limb, and property of another person, in violation of VA Code § 46.2-852.

36.     The motor vehicle laws of the Commonwealth of Virginia are designed to protect

motor vehicle drivers on Virginia roads and other members of the public.

37.     Plaintiff is a member of the class of persons for whose benefit the aforementioned statutes were enacted.

38.     The collision and resulting harm were of the type the statutes were designed to protect against.

39.     Mr. Affuko's negligence per se, by virtue of his multitudinous violations of aforementioned statutes, was the proximate cause of the collision and injuries to the Plaintiff.

40.     As a direct and proximate result of Mr. Affuko's negligence per se, Plaintiff suffered damages, including but not limited to, serious and permanent bodily and emotional injuries, as well as lost pay and future earnings.

41.     As a further direct and proximate result of Mr. Affuko's negligence per se, Plaintiff suffered and will continue to suffer physical pain and anguish.

42.     As a further direct and proximate result of Mr. Affuko's negligence per se, Plaintiff incurred and will continue to incur medical and other expenses.

43.     As a further direct and proximate result of Mr. Affuko's negligence per se, Plaintiff had and continues to have difficulty performing various activities.

44.     For such injuries proximately resulting from Mr. Affuko, and Defendant DHS' negligence per se conduct, Defendant is liable to Plaintiff for compensatory damages in an amount of $951,585.42, which amount shall be proven at trial.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows: (1) compensatory damages in the amount of $951,585.42, which amount will be proven at trial; (2) all costs associated with this action; (3) pre- and post-judgment interest as permitted by law; and (4) such other and further relief as this Court deems proper.

## <u>PRAYER</u>

Plaintiff prays judgment against Defendants for $951,585.42 or the maximum allowable by law.

Respectfully Submitted,

_____

Jacob M. Lebowitz, D.C. Bar #483742
POSEY LEBOWITZ, PLLC
3221 M Street NW
Washington, D.C. 20007
(202) 524-0123 (telephone)
(202) 810-9009 (facsimile)
jlebowitz.@poseylebowitz.com
*Counsel for Plaintiff*

Dated: May 19, 2020

# Exhibit A

| CLAIM FOR DAMAGE, INJURY, OR DEATH | **INSTRUCTIONS:** Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| U.S. Department of Homeland Security<br>Office of the General Counsel<br>245 Murray Lane SW, Mail Stop 0485<br>Washington, D.C. 20528 | Claimant: Minoo Rouhanian<br>312 3rd St. NE, Washington, D.C. 20002<br>Claimant's Representative: Jacob M. Lebowitz, Esq.<br>3221 M Street NW, Washington, D.C. 20007 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 05/22/1964 | Single | 07/19/2018 | Thursday | 5:07 P.M. |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Please see enclosure.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Claimant

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

One white 2015 Mercedes Benz CLA 250 VIN# WDDSJ4GB2FN207334.  Please see enclosure.

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

As of the filing of this form, Claimant's currently known personal injury damages include concussion, nausea, dizziness, memory loss, decreased concentration, vision changes, headaches, anxiety, and body aches including neck, head, and back pain.  Claimant's injuries have also resulting in loss of time from work, diminished earning capacity, and pain and suffering. Claimant reserves the right to amend the nature and extent of her damages as her treatment is ongoing.

| 11. | WITNESSES |
|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| Physicians and Medical Staff<br><br>Justin Akuffo | Please see enclosure.<br><br>Chicago, IL |

| 12. (See instructions on reverse). | | AMOUNT OF CLAIM (in dollars) | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| 1,585.42 | 950,000.00 | 0.00 | 951,585.42 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *[signature]* | 301-793-1193 | 7/3/20 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction<br>Previous Edition is not Usable<br>95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance?  [X] Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  [ ] No

GEICO General Insurance Company
One GEICO Boulevard, Fredericksburg, VA 22412-0003
Policy Number 4145-99-09-50

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?  [ ] Yes  [X] No    | 17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts.)

19. Do you carry public liability and property damage insurance?  [ ] Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).  [X] No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) BACK

Minoo Rouhanian
Form 95
Addendum pg. 1

8. Basis of Claim

The basis of Claimant's claim is a motor vehicle collision which occurred on July 19,
2018 at approximately 5:07 p.m, in which Claimant was rear-ended while she was stopped in
traffic by Mr. Justin Akuffo, an employee of the U.S. Department of Homeland Security
("DHS"). The collision occurred near the intersection of Leesburg Pike and Colvin Run Road in
Great Falls, VA. Mr. Akuffo was operating a rental Hertz vehicle in the scope of his
employment as an employee of the DHS/Federal Emergency Management Agency at the time of
the collision. Mr. Akuffo's Hertz Rental Record reflects that he had rented and operated the
vehicle for official government travel as evidenced by the Government Administrative Rate
Supplement charge. Furthermore, Mr. Akuffo stated to Claimant that he was en route to the
airport to return to Chicago when the collision occurred. The sole and proximate cause of the
collision was the negligence of Mr. Akuffo, specifically, his failure to operate his vehicle
according to the rules of the road and pay full time and attention while driving. Mr. Akuffo's
conduct was also in violation of the motor vehicle laws of the Commonwealth of Virginia and
gives rise to a claim for negligence *per se*. Such violations include but are not limited to
following more closely than was reasonably prudent given the speed of Claimant's vehicle and
the conditions of the highway at the time, in violation of VA Code § 46.2-816, exceeding a
reasonable speed for the circumstances and traffic conditions existing at the time, in violation of
VA Code § 46.2-861, driving recklessly in a manner so as to endanger life, limb, and property of
another person, in violation of VA Code § 46.2-852, and failing to pay full time and attention, in
violation of Fairfax County Code Section 82-4-24. These statutes were specifically designed to
protect other drivers such as Claimant from the type of harm she sustained in the motor vehicle
collision.

Claimant's medical records and bills will be submitted upon receipt of this claim.

9. Property Damage

Claimant's 2015 Mercedes Benz CLA 250 suffered damage to the rear trim panel, rear
tail lamps, and rear bumper. The damage estimate was $1,585.42 and the vehicle value was
diminished by the damage.

11. Witnesses

Physicians and Medical Staff
MedStar PromptCare at Capitol Hill
228 7th Street SE
Washington, D.C. 20002

GW Medical Faculty Associates
2350 Washington Place NE

Minoo Rouhanian
Form 95
Addendum pg. 2

Washington, DC 20018

GW Imaging Center
2121 K Street NW
Washington, DC 20037

MedStar NRN Physiatry at McLean
6858 Old Dominion Drive
McLean, VA 22101

MedStar NRH Rehabilitation Network
4040 Fairfax Drive, Suite 120
Arlington, VA 22203

Maryland Retina Institute LLC
2919 Olney Sandy Spring Road, Suite D
Olney, MD 20832

MedStar NRN Physiatry at Montgomery Medical Center
18109 Prince Philip Drive, Suite 120
Arlington, VA 22203

Washington Hospital Center
110 Irving Street NW
Washington, DC 20001

McLean Center for Complementary and Alternative Medicine
8217A Old Courthouse Road
Vienna, VA 22182

Appelbaum Eyecare Associates, PC
6509 Democracy Blvd
Bethesda, MD 20817

Vitaly Chiropractic
100 East Street, Suite 103
Vienna, VA 22180

# Exhibit B

U.S. Department of Homeland Security
Washington, DC  20472

 FEMA

August 8, 2019

Jacob M. Lebowitz, Esq.
Posey Lebowitz
3221 M Street, NW
Washington, DC  20007

Date of Loss:         July 19, 2018
Our File Number:      2018-3072
FEMA Renter:          Justin Akuffo

Dear Mr. Lebowitz:

I am writing regarding correspondence sent to FEMA dated July 3, 2019 and received to this office on August 8, 2019.  Pursuant to controlling regulations of FEMA, specifically 44 C.F.R. Part 11, Subpart B, the FEMA Office of Chief Counsel, Washington, DC is responsible for the receipt of and the administrative adjudication of claims arising out of FEMA activities.

This claim has been investigated and it has been determined that the rental vehicle driven by Justin Akuffo falls within the United States Government Car Rental Agreement.  Please contact the Hertz contractor, ESIS who will assist on setting up your claim if you have not already done so.  The claims representative is Aaron Baxter, 913-563-1306.  The claim number is 1M01M010297935.

The United States Government Car Rental Agreement applies to all Federal Government employees on official business who rent vehicles with participating agencies.  The terms of the Government Agreement state The Hertz Corporation has agreed that Government renters will not be subject to any fee for loss or collision damage waiver, and in the event of an accident, will not be responsible for loss or damage to the vehicle except in instances of misuse by the driver as specified in that agreement.

The Agreement states that:  Notwithstanding the provisions of any Company rental vehicle agreement executed by the Government employee, the Company will maintain in force, at its sole cost, insurance coverage, or a duly authorized self-insurance program, which will protect the United States Government and its employees against liability for personal injury, death, and property damage arising from use of the vehicle.

Pursuant to that Agreement it is my understanding that this rental falls within the Agreement, and as such, the personal injury and property damage should be covered by The Hertz Corporation.

If you believe that for some reason the United States Government Car Rental Agreement does not apply to this rental, and still wish to submit a claim regarding this incident, you have an independent duty to

substantiate that claim and to submit evidence supporting the amount of claimed damages.  I refer you to 28 C.F.R. § 14.4 and 44 C.F.R. § 11.14.  In that regard please submit documentation demonstrating why you believe the United States Government Car Rental Agreement does not apply to the above-cited incident.

If you have any questions, please contact me at 202-646-4326 between the hours of 8:00 AM and 4:30 PM Eastern Standard Time or you may write to me at FEMA Office of Chief Counsel, 500 C Street SW, Suite 840, Washington, D.C. 20472-3100.  Please refer any future inquiries regarding this incident to my attention.

Sincerely,

*Margaret Ramos*

Margaret Ramos
Office of Chief Counsel – Mission Support
Federal Emergency Management Agency
Department of Homeland Security
202-646-4326 (voice)
202-646-4112 (fax)
margaret.ramos@fema.dhs.gov

cc:  file 2018-3072
     ESIS for Hertz